COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS


|  |  |  |
|---|---|---|
| SHANE THOMAS DOWDY A.K.A. SHANE T. DOWDY, | § § | No. 08-15-00061-CR |
| Appellant, | § | Appeal from the |
| v. | § | 372nd District Court |
| THE STATE OF TEXAS, | § | of Tarrant County, Texas |
| Appellee. | § § | (TC# 1359575D) |

# **O P I N I O N**

In one issue, Appellant Shawn Dowdy challenges the legal sufficiency of the evidence underpinning his conviction for one count of assault of a family or household member, as enhanced by a previous conviction. We will affirm.[1]

## **BACKGROUND**

Complainant Shelly Rexrode is Appellant's half-sister. She and Appellant had the same mother, Linda Munro, who passed away in 2014. Before their mother's death, Appellant lived with Munro, but he moved out of Munro's house when Rexrode moved back into their mother's house in 2012. Following their mother's death, Rexrode retained possession of the house and

---

[1] We hear this case on transfer from the Second Court of Appeals in Fort Worth and apply that court's precedent where our precedent would otherwise be inconsistent. *See* TEX.R.APP.P. 41.3.

Appellant lived elsewhere. Munro's will had not been probated, and Appellant alluded at trial that there are still outstanding issues regarding title to the home.

At trial, Rexrode testified that on February 2, 2014, she arrived home at around 2 a.m. and walked out of her truck when she heard something. She turned around, and saw a man she identified as Appellant standing in front of her with a long, silver-colored metal object. According to Rexrode, Appellant then struck her on the left side of the head. Rexrode fell against her truck, and Appellant fled. Rexrode further testified that later that same evening, at around 10 p.m., while she was speaking to her son in the driveway of her home, she saw Appellant running toward her neighbor's house from her backyard. Rexrode, fearing that her life was in danger, went inside the house, retrieved a handgun, then exited the house and fired the gun in the air before calling police.

Appellant, waiving his Fifth Amendment privilege and testifying on his own behalf, denied being at the scene of the assault and stated that on February 2, 2014, at 2 a.m., he was asleep in bed with his then-girlfriend. He did not call his ex-girlfriend to testify and admitted that she would be the only person who could corroborate his alibi. Appellant stipulated that he had previously been convicted of the offense of assaulting a family member.

Following a bench trial, Appellant was convicted of assaulting a family member, as enhanced by a prior conviction. This appeal followed.

## DISCUSSION

In one issue, Appellant contends the evidence is legally insufficient to establish both his identity as Rexrode's assailant, and the fact that Rexrode was assaulted in the manner in which she described at trial. We disagree.

### *Standard of Review*

2

On legal sufficiency review, we assess all trial evidence "in the light most favorable to the prosecution," to determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." [Emphasis omitted]. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex.Crim.App. 2007), *citing Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). We review all record evidence in making this determination—direct or circumstantial, properly admitted or not. *Clayton*, 235 S.W.3d at 778. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007). We measure legal sufficiency based on the statutory elements of the offense as modified by the allegations set out in the indictment. *Malik v. State*, 953 S.W.2d 234, 239 (Tex.Crim.App. 1997).

In this procedural posture, we are not permitted to sit as "thirteenth juror" and substitute our judgment for that of the fact finder. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex.Crim.App. 2010), *Goodman v. State*, 66 S.W.3d 283, 286 n.4 (Tex.Crim.App. 2001). Even so, we act as a procedural failsafe against irrational verdicts, and we may reverse a conviction on legal sufficiency grounds where no rational juror could find guilt beyond a reasonable doubt based on the evidence presented at trial. *Clayton*, 235 S.W.3d at 778. This encompasses both situations in which the State has failed to prove an essential element of the crime as a matter of law and situations in which some evidence exists on every element, but no reasonable person could convict in light of the state of evidence as a whole, even when viewed most favorably to the prosecution. *See Jackson*, 443 U.S. at 320, 99 S.Ct. at 2789 (constitutional legal sufficiency standard in criminal cases higher than "mere modicum" evidence standard); *Brooks v. State*, 323 S.W.3d 893, 906-07 (Tex.Crim.App. 2010).

*Analysis*

The main thrust of Appellant's argument on appeal is that the photographs of Rexrode's injuries taken after the alleged assault are not consistent with her trial testimony. Specifically, Rexrode testified that she was hit in the head with a long, metal object yet, according to Appellant, the injuries on her face depicted in police photographs appear to be scratches or "scraping" injuries without any bruising. Because of this supposed discrepancy, Appellant maintains that the trial court could not rationally find that Rexrode was credible or even that she was assaulted by being struck with a metal object as she described.

The judge as fact finder was entitled to determine the facts, assess the credibility of the witnesses, and weight their testimony. We defer to those findings, resolve any evidentiary inconsistencies in favor of the judgment, and overturn a conviction only if it is irrational. *Brooks*, 323 S.W.3d at 899; *Laster v. State*, 275 S.W.3d 512, 517-18 (Tex.Crim.App. 2009). The indictment charged Appellant with striking Rexrode with "A METAL OBJECT OR WITH AN OBJECT OF THE EXACT KIND UNKNOWN TO THE GRAND JURY." While one photograph appears to show Rexrode with the "scraping" scratch-like injuries Appellant describes, two other photographs purportedly taken closer in time to the assault also show her with a bleeding wound to the head. The State only needed to prove that Appellant struck Rexrode with a metal object or an unknown object, because the pictures depict physical injuries to her head, because she positively identified Appellant as her assailant in court, and because Appellant could not corroborate his alibi defense despite apparently having the ability to call his ex-girlfriend to the stand, we cannot say that the trial court's conviction verdict was irrational. The evidence is legally sufficient to support his conviction for assault of a family member.

Issue One is overruled. The judgment of the trial court is affirmed.

4

October 5, 2016

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)